UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDRE JONES, Petitioner, -against- UNITED STATES OF AMERICA, Respondent. | 19 Civ. 9376 (LGS) 17 Cr. 770 (LGS) **ORDER** |

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on December 14, 2017, a grand jury returned an Indictment charging Petitioner Andre Jones with one count of being a felon in possession of a firearm pursuant to 18 U.S.C. § 922(g)(1). This charge arose from an incident on August 11, 2017, when Petitioner arrived at the Montefiore Hospital in the Bronx, New York, with a gunshot wound to his hand. While receiving treatment in the emergency room, hospital employees observed a firearm fall from Petitioner's pants to the floor. Responding New York City Police Department officers arrived at the scene and recovered the firearm.

WHEREAS, on April 24, 2018, Petitioner pleaded guilty to the Indictment without a plea agreement and pursuant to a so-called *Pimentel* letter. *See United States v. Pimentel*, 932 F. 2d 1029, 1034 (2d Cir. 1991). During his guilty plea, he was asked whether, prior to possessing the firearm, he "[h]ad . . . previously been convicted of a crime punishable by a term of imprisonment of more than one year," and Petitioner answered yes.

WHEREAS, on July 16, 2018, the Probation Office issued the Final Presentence Investigation Report (the "PSR"). As set forth in the PSR, Petitioner's criminal history includes the following prior convictions on or about April 25, 2011: (1) assault in the second degree, in violation of New York Penal Law Section 120.05(7); (2) robbery in the third degree, in violation

of New York Penal Law Section 160.05; and (3) robbery in the first degree, in violation of New York Penal Law Section 160.15(4). Each of these crimes is punishable by a term of imprisonment exceeding one year. Petitioner was sentenced for these offenses on or about June 13, 2011, and was released on parole on March 7, 2016.

WHEREAS, on October 2, 2018, this Court sentenced Petitioner to thirty months' imprisonment for his § 922(g) conviction.

WHEREAS Petitioner did not file any direct appeal.

WHEREAS, in a memorandum dated October 1, 2019, and filed on ECF on October 8, 2019, Petitioner filed a pro se motion under 18 U.S.C. § 2255 (the "2255 Motion"), seeking relief under the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). On December 10, 2019, the Government filed an opposition. On January 22 and February 10, 2020, Petitioner filed substantially the same reply. It is hereby

**ORDERED** that, for the following reasons, Petitioner's 2255 Motion is **DENIED**.

In his submissions, Petitioner argues that his conviction and sentence for being a felon in possession of a firearm should be vacated in light of *Rehaif*, which held that the Government must prove that Petitioner *knew both* that he possessed the firearm and that he had the "relevant status" when he possessed the firearm under 18 U.S.C. § 922(g). *See Rehaif*, 139 S. Ct. at 2200. Petitioner's relevant status is having been previously convicted of "a crime punishable by imprisonment for a term exceeding one year" under § 922(g)(1). *See* 18 U.S.C. § 922(g)(1); *Rehaif*, 139 S. Ct. at 2200. Petitioner argues that the Indictment was required to charge that, at the time he knowingly possessed the firearm, he also knew that he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year. Petitioner contends that, because *Rehaif* is retroactive on collateral review and his 2255 Motion is timely, he is entitled to

relief under 18 U.S.C. § 2255. Petitioner also argues that, because charges based solely on § 922(g) no longer constitute a crime under the laws of the United States post-*Rehaif*, the Court's error was jurisdictional and therefore he need not show cause for the procedural default (i.e., failing to raise it previously) nor prejudice. For the following reasons, these arguments are without merit.

"In general, a [petitioner] is barred from collaterally challenging a conviction under § 2255 on a ground that he failed to raise on direct appeal." *United States v. Thorn*, 659 F.3d 227, 231 (2d Cir. 2011); *accord Gupta v. United States*, 913 F.3d 81, 84 (2d Cir. 2019). "An exception applies, however, if the [petitioner] establishes (1) cause for the procedural default and ensuing prejudice or (2) actual innocence." *Thorn*, 659 F.3d at 231 (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)); *accord Gupta*, 913 F.3d at 84. To satisfy the "cause" element, a petitioner must show circumstances "*external* to the petitioner . . . that cannot fairly be attributed to him." *Coleman v. Thompson*, 501 U.S. 722, 753 (1991); *accord Gupta*, 913 F.3d at 84. Examples of cause for procedural default include when "'the factual or legal basis for a claim was not reasonably available.'" *Bossett v. Walker*, 41 F.3d 825, 829 (2d Cir. 1994) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)); *accord Olsen v. Doldo*, No. 16 Civ. 5366, 2020 WL 685707, at *17 (S.D.N.Y. Jan. 2, 2020). As to showing "prejudice," the Supreme Court has made clear that a petitioner must show more than "a *possibility* of prejudice" but rather that the legal errors raised in the petition "worked to [petitioner's] *actual* and substantial disadvantage." *United States v. Frady*, 456 U.S. 152, 170 (1982); *accord Olsen*, 2020 WL 685707, at *17. This is "a significantly higher hurdle than would exist on direct appeal," *Frady*, 456 U.S. at 166, as the degree of prejudice must be sufficient "to overcome society's justified interests in the finality of criminal judgments." *Id*. at 175; *accord Olsen*, 2020 WL 685707, at *17. Finally, to establish

actual innocence, "a [petitioner] must prove his 'factual innocence, not mere legal insufficiency,' and 'demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Gupta*, 913 F.3d at 85 (quoting *Bousley*, 523 U.S. at 623) (other internal quotation marks omitted). Because Petitioner appears pro se, the Court has liberally interpreted his submissions "to raise the strongest arguments that they suggest." *Williams v. Annucci*, 895 F.3d 180, 187 (2d Cir. 2018).

As a preliminary matter, Petitioner is correct that, following *Rehaif*, the Government must prove -- in a prosecution for possession of a firearm by a restricted person in violation of 18 U.S.C. § 922(g) -- not only that Petitioner knew he possessed the firearm, but also that he knew he belonged to the relevant category of individuals for whom such possession is unlawful. *See Rehaif*, 139 S. Ct. at 2200. It is also undisputed, with respect to Petitioner's § 922(g) conviction, that he previously had been convicted "of a crime punishable by imprisonment for a term exceeding one year," 18 U.S.C. § 922(g)(1); that the Indictment failed to allege, as *Rehaif* now requires, that Petitioner *knew* that fact when he possessed the firearm; and that at his guilty plea, Petitioner did not allocute that he knew of his convicted felon status when he possessed the firearm.

However, the 2255 Motion is procedurally deficient because Petitioner did not assert these errors before his guilty plea or on a direct appeal after he was sentenced. *See Fleury v. United States*, No. 00 Cr. 076, 2019 WL 6124486, at *3 (S.D.N.Y. Nov. 19, 2019) (concluding the same where petitioner did not raise a challenge under *Rehaif* to his felon-in-possession conviction on direct appeal, but rather in a subsequent motion under § 2255). While Petitioner contends that the Court's error was jurisdictional and that he is not required to show cause and prejudice, this argument is foreclosed by *United States v. Balde*, 943 F.3d 73, 80 (2d Cir. 2019), where the

Second Circuit rejected this exact argument. *See id*. at 92 ("[W]e conclude that the indictment's failure to allege that [petitioner] knew [of his restricted status] . . . was not a jurisdictional defect."). Further, *Rehaif* did not hold, as Petitioner contends, that charges based solely on § 922(g) no longer constitute a crime under the laws of the United States. Accordingly, for his 2255 Motion to succeed, Petitioner must establish "either cause and actual prejudice or that he is actually innocent." *Gupta*, 913 F.3d at 84 (internal quotation marks and citation omitted). The 2255 Motion fails to satisfy the second of these requirements.

The Court assumes that Petitioner can show cause for the procedural default, as he was sentenced on October 2, 2018, and *Rehaif* was not decided until June 21, 2019. This fact alone strongly suggests that his *Rehaif* claim cannot be said to have been "reasonably available" to Petitioner before his plea and post-sentencing,[1] particularly in light of his pro se status and the fact, as noted by Justice Alito in his *Rehaif* dissent, that "all the courts of appeals to address the question [of whether the Government needed to prove a petitioner's knowledge of his relevant status] held that [the Government did not]." *Rehaif*, 139 S. Ct. at 2210 & n.6.

Even assuming cause for the procedural default, Petitioner's argument falters on the second requirement of showing actual prejudice. Petitioner has failed to show that he suffered "*actual* and substantial disadvantage," *Frady*, 456 U.S. at 170, as a result of the error -- i.e., the failure to charge and obtain Petitioner's allocution that he *knew* at the time of the unlawful possession that he previously had been convicted of a crime punishable by imprisonment for more than a year. As an initial matter, there is no question that Petitioner was, at the time of the

[1] In addressing whether cause exists for procedural default, courts in the Second Circuit have noted the issue decided in *Rehaif* had been "percolating in the courts for years," thereby suggesting that habeas petitioners should have been able to raise related *Rehaif* claims prior to the Supreme Court's decision. *See United States v. Bryant*, No. 11 Cr. 765, 2020 WL 353424, at *3 (E.D.N.Y. Jan. 21, 2020). In light of Petitioner's pro se status, this argument is not pursued.

offense, a convicted felon; during his guilty plea, Petitioner agreed to that fact. As to his knowledge of that fact at the time of the unlawful possession, the PSR makes clear that Petitioner was convicted in 2011 of multiple state felonies punishable by over a year in prison, that he served approximately five years in prison between 2011 and 2016 as a result of those felonies and that the unlawful possession of a firearm occurred in 2017. These facts establish that Petitioner was aware of his restricted status -- as an individual previously convicted of a crime punishable by imprisonment for a term exceeding one year -- when he possessed the firearm and therefore was not prejudiced by failing to raise his *Rehaif* claim. *See Rosario Figueroa v. United States*, No. 16 Civ. 4469, 2020 WL 2192536, at *5-6 (S.D.N.Y. May 6, 2020) (concluding the same where petitioner had been sentenced to seven separate sentences of imprisonment of more than one year and had served eleven years in prison); *Whitley v. United States*, No. 04 Cr. 1381, 2020 WL 1940897, at *6 (S.D.N.Y. Apr. 22, 2020) (concluding the same where petitioner's presentence report made clear that, prior to his felon-in-possession conviction, he had been convicted of multiple state felonies punishable by over a year in prison and had spent "far more than a year in prison serving sentences longer than a year for each of at least three of those convictions"); *United States v. Bryant*, No. 11 Cr. 765, 2020 WL 353424, at *4 (E.D.N.Y. Jan. 21, 2020) (concluding the same where petitioner was sentenced on his state felony conviction to five years of incarceration and actually served more than three years of that term).

Similarly, the 2255 Motion does not include any information establishing Petitioner's actual innocence. During his guilty plea, he admitted that he possessed a firearm, knew that this was illegal and had been previously convicted of a crime punishable by imprisonment for more than a year. *See Waring v. United States*, No. 17 Cr. 50, 2020 WL 898176, at *3 (S.D.N.Y. Feb. 25, 2020) (concluding the same and that, based on similar facts, petitioner could not demonstrate

that he was "actually innocent of knowingly and illegally possessing a firearm as a felon or that 'it is more likely than not that no reasonable juror would have convicted him' of being a felon in possession" (quoting *Bousley*, 523 U.S. at 623)).

For the foregoing reasons, the 2255 Motion is **DENIED**, as are Petitioner's requests for an evidentiary hearing and appointment of counsel. *See Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004) ("[A] habeas petitioner has no constitutional right to counsel in his habeas proceeding." (citing *Coleman*, 501 U.S. at 752-53)); *Llanos v. Goord*, No. 06 Civ. 0261, 2006 WL 563309, at *2 (S.D.N.Y. Mar. 9, 2006) ("[W]here a petitioner's habeas claims may fairly be heard on written submissions, the appointment of counsel under the CJA generally is not warranted, and ordinarily should be denied." (collecting cases)). The Court further finds, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to close the open motion at Docket No. 31 in 17 Cr. 770, to close case 19 Civ. 9376 and mail a copy of this Order to pro se Petitioner.

Dated: August 19, 2020
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**